IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY CO. and STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., as subrogees of Ophelia Mayberry, <br><br> *Plaintiffs*, <br><br> v. <br><br> GENERAL MOTORS, LLC <br><br> *Defendant*. | Case No: 3:14-cv-50052 |

## COMPLAINT

NOW COME Plaintiffs STATE FARM FIRE AND CASUALTY COMPANY and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (hereinafter referred to jointly as "State Farm"), as subrogees of Ophelia Mayberry by and through their attorneys, GROTEFELD HOFFMANN SCHLEITER GORDON & OCHOA, LLP, complain of Defendant GENERAL MOTORS, LLC (hereinafter "GM"), as follows:

### JURISDICTION & VENUE

1. The subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. 1332(a)(1) as Plaintiffs State Farm and Defendant GM are citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and cost.

2. Venue is proper in the Northern District of Illinois, Western Division pursuant to 28 U.S.C. 1391(a)(2) because a substantial part of the events giving rise to Plaintiffs' claims took place in Stillman Valley, Illinois and a substantial part of the property that is the subject of this action is also located in Stillman Valley, Illinois. Venue is also proper in the Northern District of

Illinois, Western Division pursuant to 1391(a)(1) and 1391(a)(2) because Defendant GM is subject to personal jurisdiction therein.

## PARTIES

3. Plaintiffs are both entities of State Farm Insurance, a corporation with its principal place of business located at One State Farm Plaza, Bloomington, Illinois 61710. At all relevant times, State Farm Insurance was engaged in the business of issuing insurance policies for automobiles and homes located throughout the United States, including Illinois.

4. At all relevant times, Ophelia Mayberry (hereinafter "Mayberry"), owned the property located at 5926 Meridian Road, Stillman Valley, Illinois 61084 (hereinafter "the subject property").

5. At all relevant times, Plaintiff State Farm Fire and Casualty Company issued an insurance policy to Mayberry which provided coverage, *inter alia*, damage caused to real and personal property owned by Mayberry.

6. At all relevant times, Ms. Mayberry owned a 2001 Buick LeSabre, bearing vehicle identification number 1G4HR54K31U112895 (hereinafter "the Buick").

7. At all relevant times, Plaintiff State Farm Mutual Automobile Insurance Company issued an insurance policy to Mayberry which provided coverage for damage to the Buick.

8. Upon information and belief, and at all relevant times, Defendant GM was engaged in the business of designing, manufacturing, distributing, and selling automobiles, including Buick's.

9. At all relevant times, Defendant GM had its principal place of business at 300 Renaissance Center, Detroit, Michigan 48265.

10. At all relevant times, Defendant GM distributed and/or sold its products throughout the United States, including Illinois, and maintained a registered agent for service of process in Springfield, Illinois, namely Illinois Corporation Services Co., 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

## **FACTUAL ALLEGATIONS**

11. Upon information and belief, Mayberry purchased the Buick used in 2006.

12. Upon information and belief, Defendant GM manufactured, designed, assembled, tested, inspected, distributed, marketed and/or sold the Buick.

13. On September 3, 2011, a fire occurred at the subject property (hereinafter referred to as "the fire").

14. Subsequent investigation into the origin and cause of the fire revealed it originated within the engine of the Buick, which was parked within the attached garage of the subject property at the time the fire occurred.

15. Further investigation established the fire was caused by an oil leak from the front valve cover gasket which was then ignited by the heat from the exhaust manifold.

16. The fire spread from the Buick to the garage and home, causing severe property damage.

17. Mayberry never received any recall notices, campaigns, or correspondence from Defendant GM pertaining to the Buick.

18. Pursuant to the terms and conditions of the insurance policy identified in paragraph 5 of this Complaint, Mayberry submitted a claim to Plaintiff State Farm Fire and Casualty Company seeking indemnification and reimbursement for damage to the subject property.

19. Pursuant to the terms and conditions of the insurance policy identified in paragraph 7 of this Complaint, Mayberry submitted a claim to Plaintiff State Farm Mutual Automobile Insurance Company seeking indemnification and reimbursement for damage to the Buick.

20. Pursuant to the terms and conditions of the insurance policies identified in paragraphs 5 and 7 of this Complaint, and by virtue of their payments to Mayberry for damage to the subject property and the Buick, Plaintiffs State Farm are subrogated to all rights, claims, and causes of action Mayberry may have against Defendant GM in connection with the fire.

## **NEGLIGENCE**

21. Plaintiffs State Farm incorporate paragraphs 1 through 20 above as if fully set forth herein.

22. At all relevant times, Defendant GM owed a duty to exercise reasonable skill and care in designing, manufacturing, assembling, testing, inspecting, distributing, and selling the Buick.

23. Notwithstanding this duty, and in breach thereof, Defendant GM, by and through its employees, agents, and/or representatives, was negligent in one or more of the following ways:

   a. Defendant GM failed to properly manufacture and/or assemble the Buick and/or the engine;

   b. Defendant GM failed to properly design the Buick and/or the engine;

   c. Defendant GM failed to properly inspect the Buick and/or the engine before releasing the product into the stream of commerce;

   d. Defendant GM failed to properly test the Buick and/or the engine before releasing the product into the stream of commerce;

   e. Defendant GM failed to properly notify Mayberry of known dangerous conditions that existed in the Buick, including but not limited to known dangerous conditions that existed in the engine;

 f. Defendant GM failed to correct and/or remedy known defects and/or known dangerous conditions within the Buick, including but not limited to known defects and/or dangerous conditions associated with the engine; and/or

 g. Defendant GM was otherwise careless and negligent in the design, manufacture, assembly, testing, inspection, distribution and/or sale of the Buick.

24. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions on the part of Defendant GM, a fire originated within the Buick, causing severe damage to the vehicle and the subject property.

25. Pursuant to the terms and conditions of the insurance policy issued to Mayberry, State Farm Fire and Casualty Company paid a sum in excess of $180,000 to repair and/or replace fire related damage to the subject property and its contents.

26. Pursuant to the terms and conditions of the insurance policy issued to Mayberry, State Farm Mutual Automobile Insurance Company paid a sum in excess of $180,000 for fire related damage to the Buick.

WHEREFORE, Plaintiffs STATE FARM FIRE AND CASUALTY COMPANY and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, as subrogees of Ophelia Mayberry, pray for judgment in their favor and against Defendant GENERAL MOTORS, LLC in an amount in excess of $180,000, plus whatever other costs and amounts this Court deems just.

Respectfully submitted,

STATE FARM FIRE AND CASUALTY CO., et al.,

By:  /s/Mark L. McGuire
   One of Their Attorneys

Mark L. McGuire (IL #6306566)
GROTEFELD, HOFFMANN, SCHLEITER,
GORDON & OCHOA, LLP
311 S. Wacker Dr., Ste. 4500
Chicago, IL 60606